E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05090-S5**
**7/15/2021 9:23 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| RAYMOND AULTMAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION |
| VS. | ) | |
| | ) | FILE NO. |
| QUIKTRIP | ) | |
| CORPORATION, ABC | ) | **21-C-05090-S5** |
| CORP., and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

**COMES NOW**, Raymond Aultman, Plaintiff, and makes and files this Complaint against

Defendants QuickTrip, ABC Corp., and John Doe as follows:

### JURISDICTION AND VENUE

1.

Plaintiff is a resident of Georgia.

2.

QuikTrip Corporation ("Defendant QuikTrip") is a foreign corporation organized under

the laws of the State of Oklahoma. Defendant QuikTrip is authorized to transact and do business

within the State of Georgia, and is subject to the jurisdiction and venue of this Court. At all times

relevant to Plaintiff's claims, Defendant QuickTrip was the employer of Defendant John Doe.

Moreover, Defendant John Doe was in the course and scope of their employment with Defendant

QuickTrip and engaged in the actual transaction of Defendant QuickTrip's business at the time of

the subject incident.   Defendant QuikTrip's principal office is located at 4705 S. 129th E.

Avenue, Tulsa, Oklahoma 74134. Service of process may be perfected upon Defendant QuikTrip



through its registered agent, CT Corporation Systems at 289 South Culver Street, Lawrenceville, Georgia 30046.

3.

Defendant ABC Corp. is the corporation or entity that owned, possessed, and/or controlled the premises involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant ABC Corp. Defendant ABC Corp. will be named and served with a copy of this Summons and Complaint once its identity is revealed.

4.

Defendant John Doe is the QuikTrip employee and/or agent involved in the subject incident and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant John Doe. Defendant John Doe will be named and served with a copy of this Summons and Complaint once his or her identity is revealed.

### BACKGROUND

5.

On or about March 4, 2020, Plaintiff went to the QuickTrip convenience store located at 2949 Five Forks Trickum Road SW, Lawrenceville, Georgia 30044 to purchase a drink.

6.

As Plaintiff stood in front of the beverage cooler in the store, Defendant John Doe struck Plaintiff with a large dolly/cart.

## COUNT I
## NEGLIGENCE OF DEFENDANT JOHN DOE

7.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 6 above as if fully restated.

8.

Defendant John Doe had a duty to exercise reasonable care while operating the dolly/cart on the QuikTrip premises.

9.

Defendant John Doe breached his duty to Plaintiff when he failed to operate the dolly/cart in a safe manner.

10.

Defendant John Doe breached his duty to Plaintiff when he failed to properly stack the items on the dolly/cart in a manner that would not block his visibility.

11.

Defendant John Doe breached this duty to Plaintiff when he failed to take adequate measures to avoid hitting Plaintiff with the dolly/cart.

12.

Defendant John Doe breached his duty to Plaintiff when he failed to warn Plaintiff as he attempted to pass Plaintiff with the dolly/cart.

13.

Defendant John Doe's actions caused the aforementioned incident on the QuickTrip premises.

14.

Defendant John Doe's negligence caused the aforementioned incident on the QuickTrip premises.

15.

Plaintiff in no way caused or contributed to the subject incident on the QuickTrip premises.

## COUNT II
## NEGLIGENCE OF DEFENDANTS QUIKTRIP and ABC Corp.

16.

Plaintiff re-alleges and adopts all allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At all times relevant to this action, Defendants QuikTrip Corporation and/or ABC Corp. owned, possessed, and/or controlled the QuickTrip convenience store located at 2949 Five Forks Trickum Road SW, Lawrenceville, Georgia 30044.

18.

At all times relevant to this action, Defendants QuikTrip and/or ABC Corp. employed Defendant John Doe and Defendant John Doe was acting within the scope and course of his employment with Defendant QuickTrip and/or ABC Corp.

19.

Defendants QuikTrip and/or ABC Corp. are liable under the doctrine of respondeat superior for the harm caused to Plaintiff by the wrongful acts of their employee, Defendant John Doe, who was acting in the scope and course of his employment with Defendants QuikTrip

and/or ABC Corp. and during the actual transaction of Defendants QuikTrip and/or ABC Corp.'s business when he caused the subject incident and proximately caused injuries to Plaintiff.

20.

Defendants QuikTrip and/or ABC Corp. had a duty to exercise ordinary care in keeping the premises safe for patrons such as Plaintiff.

21.

Defendants QuikTrip and/or ABC Corp. breached their duty to Plaintiff when they failed to adopt appropriate policies and procedures for its employees on how to safely operate a dolly/cart while inside the QuikTrip convenience store.

22.

Defendants QuikTrip and/or ABC Corp. breached their duty to Plaintiff when they failed to adopt appropriate policies and procedures for its employees on how to properly stack items on a dolly/cart in a manner that would not block the employee's visibility.

23.

Defendants QuikTrip and/or ABC Corp. negligently hired, trained, retained, and supervised its employee and/or agent, Defendant John Doe, concerning safety procedures for operating a dolly/cart while inside the QuikTrip convenience store.

24.

Defendants QuikTrip and/or ABC Corp. negligently hired, trained, retained, and supervised its employee and/or agent, Defendant John Doe, concerning safety procedures for stacking items on a dolly/cart in a manner that would not block visibility.

25.

Defendants QuikTrip and/or ABC Corp. knew or should have known that allowing patrons to enter the QuickTrip convenience store while failing to properly hire, train, and supervise its employees and/or agents regarding safely operating a dolly/cart would cause harm to persons such as Plaintiff.

26.

Defendants QuikTrip and/or ABC Corp. knew or should have known that allowing patrons to enter the QuickTrip convenience store while failing to properly hire, train, and supervise its employees and/or agents regarding stacking items on a dolly/cart in a manner that would not block visibility would cause harm to persons such as Plaintiff.

27.

Defendants QuikTrip and/or ABC Corp.'s actions caused the aforementioned incident on the premises.

28.

Defendants QuikTrip and/or ABC Corp.'s negligence caused the aforementioned incident on the premises.

29.

Plaintiff in no way caused or contributed to the subject incident on the premises.

## JOINT AND SEVERAL LIABILITY

30.

The combined acts of Defendants QuikTrip, ABC Corp., and/or John Doe were negligent; proximately caused Plaintiff's injuries and damages; and said Defendants are jointly and severally liable for Plaintiff's injuries and damages.

**DAMAGES**

31.

As a direct and proximate result of Defendants QuikTrip, ABC Corp., and/or John Doe's negligence, Plaintiff has incurred past medical expenses in excess of $58,350.67, the exact amount to be proven at trial.

32.

As a direct and proximate result of Defendants QuikTrip, ABC Corp., and/or John Doe's negligence, Plaintiff will incur future medical expenses, the exact amount to be proven at trial.

33.

Defendants QuikTrip, ABC Corp., and/or John Doe's negligence proximately caused injuries to Plaintiff which caused him tremendous physical and mental pain and suffering, emotional distress, and general inconvenience in amounts to be proven at trial.

34.

As a direct and proximate result of Defendants QuikTrip, ABC Corp., and/or John Doe's negligence, Plaintiff will continue to suffer both general and special damages in the future, including expenses for future medical treatments, the exact amount to be proven at trial.

35.

Defendant has acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. Summons and Complaint be served upon Defendant according to the law;

b. Plaintiff recover a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and future pain and suffering, the exact amounts to be proven at trial;

c. Plaintiff recover such other and further relief as is just and proper, including but not limited to punitive damages, if proven through discovery and trial;

d. Plaintiff recover reasonable attorney's fees and costs of litigation and any statutory penalties allowed by law;

e. Plaintiff be awarded prejudgment interest on all damages as allowed by law;

f. Interest on the judgment be awarded at the legal rate from the date of judgment;

g. Plaintiff recover any and all other relief the Court may deem just and proper.

Respectfully submitted this 15th day of July, 2021

/s/ Benjamin J. Rollins
Benjamin J. Rollins, Esq.
Georgia Bar No. 613751
Attorney for Plaintiff

**The Angell Law Firm, LLC**
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel:  (404) 418-6007
Fax: (404) 745-0607

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-05090-S5**
**7/15/2021 9:23 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | | |
|---|---|---|---|
| RAYMOND AULTMAN, | | ) | |
| | | ) | |
| | PLAINTIFF, | ) | CIVIL ACTION |
| VS. | | ) | |
| | | ) | FILE NO. |
| QUIKTRIP | | ) | |
| CORPORATION, ABC | | ) | **21-C-05090-S5** |
| CORP., and | | ) | |
| JOHN DOE, | | ) | |
| | | ) | |
| | DEFENDANT. | ) | |

## CERTIFICATE OF SERVICE

_____This is to certify that I have this day delivered a copy of the Summons and Complaint for

Damages in this action for service on the Defendants, to be served at:

QuikTrip Corporation
Registered agent, CT Corporation Systems
289 South Culver Street
Lawrenceville, GA 30046

Respectfully submitted this 15th day of July, 2021.

*/s/ Benjamin J. Rollins*
_____

Benjamin J. Rollins, Esq.
Georgia Bar No. 613751
Attorney for Plaintiff

**The Angell Law Firm, LLC**
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326
Tel: (404) 418-6007
Fax: (404) 745-0607

E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**21-C-05090-**
7/15/2021 9:23 A
**TIANA P. GARNER, CLE**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# RAYMOND AULTMAN

CIVIL ACTION     **21-C-05090-S5**
NUMBER:_____

PLAINTIFF

VS.

# QUIKTRIP CORPORATION,

# ABC CORP., and

# JOHN DOE

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Benjamin J. Rollins, Esq.
The Angell Law Firm, LLC
3391 Peachtree Rd NE, Suite 110
Atlanta, Georgia 30326

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____**15TH**_____ day of _____**JULY**_____, 20__**21**__.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _21-C-05090-S5_

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed _7/15/2021_

Georgia, _Gwinnett_ COUNTY

RAYMOND AULTMAN

Attorney's Address

Benjamin J. Rollins

3391 Peachtree Rd NE, Suite 110

Atlanta, Georgia 30326

_____ Plaintiff

VS.

Name and Address of Party to Served

QuikTrip Corporation
Registered agent, CT Corporation Systems
289 South Culver Street
Lawrenceville, GA 30046

QUIKTRIP CORPORATION, ABC

CORP., and JOHN DOE

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _Quiktrip Corp._ a corporation
by leaving a copy of the within action and summons with _Linda Banks (RA)_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _20_ day of _July_, 20 _21_.

_4. Higgins 50941_

DEPUTY

**CLERK'S COPY**

E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**21-C-05090-**
**8/17/2021 10:52 A**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

RAYMOND AULTMAN,                          §
                                          §
     **Plaintiff,**                          §
                                          §       **CIVIL ACTION**
**vs.**                                   §
                                          §       **FILE NO. 21-C-05090-S5**
**QUIKTRIP CORPORATION, ABC CORP.,**      §
**and JOHN DOE,**                         §
                                          §
     **Defendants.**                         §
                                          §

### DEFENDANT QUIKTRIP CORPORATION'S ANSWER
### AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **QUIKTRIP CORPORATION**, a Defendant in the above-styled civil

action, and files this, its Answer and Defenses to Plaintiff's Complaint, showing the Court as

follows:

### FIRST DEFENSE

No act or omission of this Defendant proximately caused the occurrence at issue in this

litigation or any damages alleged by the Plaintiff.

### SECOND DEFENSE

As a next Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint

as follows:

### JURISDICTION AND VENUE

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1

of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits only that it is organized under the laws of the State of Oklahoma, is authorized to transact and do business within the State of Georgia, is subject to the jurisdiction and venue of this Court, its principal office is located at 4705 S. 129th E. Avenue, Tulsa, Oklahoma 74134 and service of process may be perfected upon it through its registered agent, CT Corporation Systems at 289 South Culver Street, Lawrenceville, Georgia 30046.  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

This Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

**BACKGROUND**

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT I
## NEGLIGENCE OF DEFENDANT JOHN DOE

7.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 6 of Plaintiff's Complaint, as if those responses were set forth herein by reference.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

10.

This Defendant can neither admit nor deny the allegations contained within Paragraph 10 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

11.

This Defendant can neither admit nor deny the allegations contained within Paragraph 11 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

12.

This Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

This Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant can neither admit nor deny the allegations contained within Paragraph 15 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## COUNT II
## NEGLIGENCE OF DEFENDANT QUIKTRIP and ABC Corp.

16.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 15 of Plaintiff's Complaint, as if those responses were set forth herein by reference.

17.

This Defendant admits only that it possessed the QuikTrip convenience store located at 2949 Five Forks Trickum Road, SW, Lawrenceville, GA 30044.  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

This Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

19.

This Defendant can neither admit nor deny the allegations contained within Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

20.

This Defendant can neither admit nor deny the allegations contained within Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

21.

This Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

## JOINT AND SEVERAL LIABILITY

30.

This Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

## DAMAGES

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

37.

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant QUIKTRIP CORPORATION prays that it be discharged without costs.

**A TRIAL BY A JURY OF TWELVE IS DEMANDED.**

This 17th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RAYMOND AULTMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21-C-05090-S5** |
| **QUIKTRIP CORPORATION, ABC CORP.,** | § | |
| **and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Benjamin J. Rollins, Esq.
James A. Watson, Esq.
The Angell Law Firm, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA  30329

This 17th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEORG
**21-C-05090-**
**8/17/2021 10:52 A**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RAYMOND AULTMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21-C-05090-S5** |
| **QUIKTRIP CORPORATION, ABC CORP.,** | § | |
| **and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT QUIKTRIP CORPORATION'S
### DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COMES NOW **QUIKTRIP CORPORATION**, named as a Defendant in the above-styled civil action, and files this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 17th day of August, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


Meridian II, Suite 2000                    **J. ROBB CRUSER**
275 Scientific Drive                       Georgia Bar No. 199480
Peachtree Corners, GA  30092               **CANDICE R. BRYANT**
(404) 881-2622                             Georgia Bar No. 807404
(404) 881-2630 (Fax)                       *Attorneys for Defendant*
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **RAYMOND AULTMAN,** | § |
| | § |
| **Plaintiff,** | § |
| | §     **CIVIL ACTION** |
| **vs.** | § |
| | §     **FILE NO. 21-C-05090-S5** |
| **QUIKTRIP CORPORATION, ABC CORP.,** | § |
| **and JOHN DOE,** | § |
| | § |
| **Defendants.** | § |
| | § |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Benjamin J. Rollins, Esq.
James A. Watson, Esq.
The Angell Law Firm, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA  30329

This 17th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

*(signature)*

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

E FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**21-C-05090-**
8/17/2021 10:52 A
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RAYMOND AULTMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21-C-05090-S5** |
| **QUIKTRIP CORPORATION, ABC CORP.,** | § | |
| **and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO:    Plaintiff RAYMOND AULTMAN, c/o his attorneys**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant QuikTrip

Corporation has filed a Notice of Removal of the above-styled action to the United States

District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached

hereto and by reference made a part hereof.

This 17th day of August, 2021.

                                                     **CRUSER, MITCHELL, NOVITZ,**
                                                     **SANCHEZ, GASTON & ZIMET, LLP**


                                                     _____
Meridian II, Suite 2000                              **J. ROBB CRUSER**
275 Scientific Drive                                 Georgia Bar No. 199480
Peachtree Corners, GA  30092                         **CANDICE R. BRYANT**
(404) 881-2622                                       Georgia Bar No. 807404
(404) 881-2630 (Fax)                                 *Attorneys for Defendant*
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RAYMOND AULTMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. _____** |
| **QUIKTRIP CORPORATION, ABC** | § | |
| **CORP., and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF REMOVAL

COMES NOW **QUIKTRIP CORPORATION**, a Defendant in the above-styled civil action, and hereby removes Civil Action File No. 21-C-05090-S5 from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

### 1.

Defendant QuikTrip Corporation has been sued in a civil action brought in the State Court of Gwinnett County, which is located within the Atlanta Division

of the United States District Court for the Northern District of Georgia.  Pursuant

to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings,

orders and documents from the State Court Action have been attached as

Defendant QuikTrip Corporation's Exhibit 1 (hereinafter "Exhibit 1").

2.

The present matter is an action for damages for bodily injuries stemming

from a March 4, 2020 incident alleged to have occurred at Defendant QuikTrip

Corporation retail store located at 2949 Five Forks Trickum Rd., Lawrenceville,

GA 30044 (hereinafter "the subject incident").  *See* Exhibit 1, Complaint, ¶ 5.

Plaintiff makes claims against Defendant QuikTrip Corporation for (i) ordinary

negligence, (ii) negligence per se, and (iii) vicarious liability.  *Id.*, Complaint, ¶¶

16-30.

3.

The Complaint was filed July 15, 2021, in the State Court of Gwinnett

County, Civil Action File No. 21-C-05090-S5.  *See* Exhibit 1, Complaint.

Defendant QuikTrip Corporation was served with the Summons and Complaint on

July 20, 2021.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

Plaintiff Raymond Aultman is a citizen of the State of Georgia. *Id.*,

Complaint, ¶ 1.  Defendant QuikTrip Corporation is, and was at the time this

lawsuit was filed, a corporation organized under the laws of the State of Oklahoma

with its principal place of business in the State of Oklahoma. *Id.*, Complaint, ¶ 2.

Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff contends that he has "incurred past medical expenses in excess of

$58,350.67, the exact amount to be proven at trial" Exhibit 1, Complaint, ¶ 31.

Plaintiff also alleges that he "will incur future medical expenses, the exact amount

to be proven at trial" and "will continue to suffer both general and special damages

in the future, including expenses for future medical treatments, the exact amount to

be proven at trial" *Id.*, Complaint, ¶¶ 32; 34.  Plaintiff is additionally seeking

"attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11." *Id.*,

Complaint, ¶ 35.  Further, Plaintiff asserted a settlement demand for $750,000.00.

6.

In determining whether the requisite $75,000.00 amount in controversy has

been established, jurisdiction "is proper if it is facially apparent from the complaint

that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001).  In the present case, given the damages claimed by Plaintiff, it is facially apparent from Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met.

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN SATISFIED

### 7.

This Notice of Removal is filed within 30 days from the date that Defendant QuikTrip Corporation has been served with the Summons and Complaint in this matter.  Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

### 8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As such, Defendant QuikTrip Corporation expressly consents to the removal of this action and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Notice of Removal, Defendant QuikTrip Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendant QuikTrip Corporation

intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Defendant QuikTrip Corporation prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 17th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**


/s/ Candice R. Bryant
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com


## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the undersigned has this day electronically filed

the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S**

**NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system

which will send e-mail notification of such filing to the following attorneys of

record:

Benjamin J. Rollins, Esq.
James A. Watson, Esq.
The Angell Law Firm, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA  30329
*Counsel for Plaintiff*

I FURTHER CERTIFY that the undersigned has mailed copies of the entire

pleading referenced above to all counsel of record at the above address.

This 17th day of August, 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

/s/ Candice R. Bryant
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip*
*Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **RAYMOND AULTMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 21-C-05090-S5** |
| **QUIKTRIP CORPORATION, ABC CORP.,** | § | |
| **and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Benjamin J. Rollins, Esq.
James A. Watson, Esq.
The Angell Law Firm, LLC
3391 Peachtree Road NE, Suite 110
Atlanta, GA  30329

This 17th day of August, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

*[signature]*

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)